IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JAMES M. HARVEY,

    Plaintiff,

vs.                                                  Case No.:

GENERAL INSURANCE COMPANY,
a corporation, GERAGHTY, DOUGHERTY &
EDWARDS, P.A., and PATRICK GERAGHTY,
ESQUIRE,

    Defendants.
_____/

**GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF
REMOVAL WITH INCORPORATED MEMORANDUM OF LAW**

    Defendant/Petitioner, GEICO GENERAL INSURANCE COMPANY ("GEICO"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1441, 1446 and 1332, respectfully petitions this Court for the removal of the above-captioned action from the Circuit Court in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, West Palm Beach Division. In support of this Petition, GEICO states as follows:

    1.    In the action that forms the basis for the present litigation, TRACY POTTS, as personal representative of the Estate of John Potts, deceased ("POTTS") filed suit against JAMES M. HARVEY ("HARVEY") in the Circuit Court in and for Palm Beach County, Florida, on or about September 13, 2006 ("underlying action"). POTTS sued HARVEY to recover for injuries sustained by John Potts in a motor vehicle accident occurring on or about August 8, 2006, and which involved John Potts and HARVEY ("the accident").

    2.    A final judgment was entered in the underlying action in favor of POTTS in the

amount of $8,470,000.00 on May 24, 2011.  [Final Judgment attached hereto as Exhibit "A"].

   3. On or about November 20, 2013, HARVEY filed the present Complaint in the Circuit Court of Palm Beach County, Florida, Case No. 50-2013-CA-017284 XXXXMB, in which HARVEY set forth allegations of bad faith against GEICO and of legal malpractice against Geraghty, Dougherty & Edwards, P.A. ("LAW FIRM") and Patrick Geraghty ("GERAGHTY"). [*See* HARVEY'S Complaint attached hereto as Exhibit "B"].

   4. Upon information and belief, HARVEY is a citizen of the State of Florida.

   5. GEICO is incorporated in the State of Maryland, with its principal place of business in Chevy Chase, Maryland. Therefore, GEICO is a citizen of the State of Maryland.

   6. Upon information and belief, GERAGHTY and the LAW FIRM are citizens of the State of Florida.

   7. There is complete diversity of citizenship among the properly joined parties.  The Florida citizenship of Defendant GERAGHTY and Defendant LAW FIRM does not destroy diversity jurisdiction because GERAGHTY and the LAW FIRM were fraudulently joined/procedurally misjoined as defendants to the present lawsuit.  Subsequent to the filing of this Notice of Removal, GEICO will file a Motion to Sever Defendants GERAGHTY and the LAW FIRM on the basis of fraudulent joinder.  GEICO's motion will explain in detail the grounds and authority regarding why GERAGHTY and the LAW FIRM were fraudulently joined/procedurally misjoined and why severance is appropriate.  Thus, GEICO hereby incorporates by reference its Motion to Sever and Memorandum of Law.

   8. The amount in controversy in the instant action exceeds $75,000, without interest and costs, as HARVEY seeks to recover the total amount of the Final Judgment ($8, 470,000.00)

resulting from the underlying action. [*See* Exhibit "A"]

9. In accordance with 28 U.S.C. § 1446(b), GEICO's Notice of Removal of this action has been filed within thirty (30) days of being served with HARVEY'S Complaint. GEICO has no information indicating whether GERAGHTY or the LAW FIRM were served, and, if so, when they were served.

10. As required by 28 U.S.C. § 1446(a), true and legible copies of "all process, pleadings, and orders" served upon GEICO in this action are submitted herewith. [*See* Exhibit "B"; *see also* Plaintiff's Request to Produce to Defendant attached hereto as Exhibit "C"].

11. GEICO has paid the removal fee contemporaneously with the filing of this Notice of Removal.

## MEMORANDUM OF LAW

The statutory requirements for removal of the present action from state court to the United States District Court for the Southern District of Florida, West Palm Beach Division have been met. Any civil action brought in state court may be removed by the defendant to federal court, in the district and division embracing the place where such action is pending, if the action could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a); *Ayres v. General Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000); *Rudnick v. Sears, Roebuck and* Co., 358 F.Supp.2d 1201, 1204 (S.D. Fla. 2005). To remove an action based on diversity jurisdiction, none of the properly joined and served defendants can be a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441; 28 U.S.C. § 1332(a). The matter in controversy must be between citizens of different states. *See* 28 U.S.C. § 1332(a). Furthermore, the amount in controversy in a diversity action must exceed $75,000, exclusive of interest and costs. *Id.*

When the subject matter jurisdiction requirements of 28 U.S.C. § 1332 are met, that is to say, the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs, the only remaining question is whether the removing party has satisfied the procedural requirements for removal under 28 U.S.C. § 1446. According to § 1446(b), ". . . notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ..." 28 U.S.C. § 1446(b); *see also Liebig v. DeJoy*, 814 F.Supp. 1074, 1076 (M.D.Fla. 1993). The defendant seeking removal bears the initial burden of alleging federal jurisdiction. *See Wright v. Continental Cas. Co.*, 456 F.Supp. 1075, 1078 (M.D. Fla. 1978).

GEICO has met the statutory requirements for removal of this action to federal court; therefore, removal is proper and appropriate. First, there is complete diversity of citizenship among the properly joined parties. Upon information and belief, HARVEY is a citizen of the State of Florida, while Defendant GEICO is a citizen of the State of Maryland. The Florida citizenship of GERAGHTY and the LAW FIRM does not destroy diversity jurisdiction because GERAGHTY and the LAW FIRM were fraudulently joined/procedurally misjoined as defendants to the present lawsuit.

Fraudulent joinder provides an exception to the complete diversity requirement of removal jurisdiction. *Triggs v. John Crump Toyota, Inc.*, 154 F. 3d 1284, 1287 (11th Cir. 1998); *Trans Waste Mgmt., Inc.*, 290 F. Supp. 2d 1286, 1292 (M.D. Fla. 2003). If a defendant is fraudulently joined, that party's citizenship is not considered in determining whether complete diversity exists. *Accordino v. Wal-Mart Stores E., L.P.*, 2005 WL 3336503 (M.D. Fla. 2005). Joinder has been deemed

fraudulent when a "diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant." *Stone v. Zimmer Inc.*, 2009 WL 1809990 (S.D. Fla. 2009); *Tapscott v. MS Dealer Service Corp.*, 77 F. 3d 1353, 1360 (11th Cir, 1996), *Cohen v. Office Depot, Inc.*, 204 F. 3d 1069 (11th Cir. 2000); *Dominion Bus. Fin., LLC v. Nationwide Prop. & Cas. Ins. Co.*, 2010 WL 2179113 (M.D. Fla. 2010).  This type of fraudulent joinder is sometimes referred to as "procedural misjoinder."  *See Tapscott*, *supra*, 77 F. 3d at 1360; *Stone*, *supra*, 2009 WL 1809990 at *2; *Palmer v. Daval, Inc.*, 2008 WL 5377991 (D.R.I. 2008). Defendants that are joined in fraudulently may be "disregarded in the removal process" and are not required to join in the Notice of Removal. *Kimmons v. IMC Fertilizer, Inc.*, 844 F. Supp. 738, 740 (M.D. Fla. 1994); *Woods v. Firestone Tire & Rubber Co.*, 560 F. Supp. 588, 590 (S.D. Fla. 1983). Further, Federal Rule of Civil Procedure 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."

Subsequent to the filing of this Notice of Removal, GEICO will file a Motion to Sever Defendants GERAGHTY and the LAW FIRM on the basis of fraudulent joinder.  GEICO's motion will explain in detail the grounds and authority regarding why GERAGHTY and the LAW FIRM were fraudulently joined/procedurally misjoined and why severance is appropriate.  Thus, GEICO hereby incorporates by reference its Motion to Sever and Memorandum of Law.

In addition, the statutory requirement that the amount in controversy exceed $75,000 has been met as GEICO reasonably believes that HARVEY seeks recovery of, *inter alia*, the Final Judgment in the underlying action, which exceeds $75,000. [*See* Exhibit "A"].

Finally, GEICO has complied with all of the procedural requirements, including the time

requirements, set forth in 28 U.S.C. § 1446(b). GEICO filed and served the present Notice of Removal within thirty (30) days of its receipt of the Complaint, making removal timely. Accordingly, for the reasons explained herein, removal of this action to this Court is appropriate.

**WHEREFORE**, Defendant/Petitioner, GEICO GENERAL INSURANCE COMPANY, respectfully requests that the action now pending against it in the Circuit Court in and for Palm Beach County, Florida, be removed therefrom to this Honorable Court, and that this Court assume full jurisdiction over the cause herein as provided by law, and grant such further relief as this Court deems just and appropriate.

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ KATINA M. HARDEE
**B. RICHARD YOUNG**
Florida Bar No.: 442682
ryoung@flalawyer.net
**ADAM A. DUKE**
Florida Bar No.: 0055734
aduke@flalawyer.net
**KATINA M. HARDEE**
Florida Bar No.: 0016069
khardee@flalawyer.net
Young, Bill, Roumbos & Boles, P.A.
One Biscayne Tower, Suite 3195

2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 222-7720
Facsimile: (305) 492-7729
Attorneys for GEICO General Insurance Co.

**SERVICE LIST**
JAMES M. HARVEY v. GEICO GENERAL INSURANCE COMPANY,
GERAGHTY, DOUGHERTY & EDWARDS, P.A.,
and PATRICK GERAGHTY, ESQ.
CASE NO.: _____


FRED CUNNINGHAM, ESQ.
Slawson, Cunningham, Whalen & Gaspari
2401 PGA Blvd, Ste 140
Palm Beach Gardens, FL 33410
(561) 625-6260 phone / (561) 625-6269 fax
fac@slawsonlaw.com
gyaffa@slawsonlaw.com
adefau@slawsonlaw.com
Counsel for Plaintiff
*Via email and regular mail*


ALAN L. LANDSBERG, ESQ.
Keller Landsberg, P.A.
500 E. Broward Blvd.
Suite 1400
Ft. Lauderdale, FL 33394-3024
(954) 761-3550 phone / (954) 525-2134
alan.landsberg@kellerlandsberg.com
Counsel for Geraghty Dougherty and Patrick Geraghty
*Via email and regular mail*