IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN
AND FOR PALM BEACH COUNTY,
FLORIDA

CASE NO.:

JAMES M. HARVEY,

      Plaintiff,

vs.

GEICO GENERAL INSURANCE COMPANY,
a corporation, GERAGHTY, DOUGHERTY &
EDWARDS, P.A., and PATRICK GERAGHTY,
ESQUIRE,

      Defendants.                     /

## COMPLAINT

Plaintiff, JAMES M. HARVEY (hereinafter "HARVEY"), by and through his undersigned attorneys, sues Defendants, GEICO GENERAL INSURANCE COMPANY (hereafter "GEICO"); GERAGHTY, DOUGHERTY & EDWARDS, P.A. (hereafter "LAW FIRM"); and PATRICK GERAGHTY, ESQUIRE (hereafter "GERAGHTY") and alleges:

## GENERAL ALLEGATIONS

1.     This is an action for damages exceeding fifteen thousand dollars ($15,000.00), exclusive of costs, interest, and attorneys' fees.

2.     At all material times, HARVEY has been a Florida citizen and a resident of Palm Beach County, Florida.

3.     GEICO is a foreign for-profit corporation registered to conduct business in the state of Florida and did at all pertinent times engage in the business of issuing policies of automobile insurance and handling claims in the state of Florida, including the policy and claim at issue in this Complaint.

4.     At all material times, LAW FIRM was a Florida corporation,  representing clients in Florida and maintaining an office for the practice of law in Fort Myers, Florida. GERAGHTY was a shareholder and employee of LAW FIRM.

5.     At all material times, GERAGHTY has been a Florida citizen and has been admitted to practice law in the State of Florida.

6.      GEICO issued to HARVEY an automobile liability insurance policy, number 0603-67-81-03, intended to cover and indemnify HARVEY for bodily injury liability arising out of the operation of his automobile, to the extent of the bodily injury liability limits, which were $100,000.00 per person and $300,000.00 per occurrence.  Said policy was in effect at all pertinent times (hereafter referred to as "the subject insurance policy.")  A copy of GEICO's insurance policy is in its possession.

7.     On or about August 8, 2006, while the above referenced insurance policy was in full force and effect, Plaintiff, HARVEY, negligently operated a covered motor vehicle, which resulted in the wrongful death of John Potts.

8.     Defendant, GEICO, was timely notified about the accident and about the Potts wrongful death claim.

2

9.     The wrongful death claim of the Estate of John Potts was a covered claim under the subject automobile liability insurance policy.

10.    At all material times Defendant, GEICO, had sufficient information about the liability and damages sustained by the Estate of John Potts, but failed to settle the wrongful death claim against HARVEY even though GEICO knew or should have known that it was a case of liability against HARVEY, that the damages suffered by the Potts Estate significantly exceeded the available policy limits, and that HARVEY was potentially at risk of significant personal exposure above his policy limits if GEICO did not settle the case and obtain a release of HARVEY.

11.    Within days of the accident, HARVEY retained GERAGHTY to serve as his personal counsel to protect him from any personal exposure above his policy limits that HARVEY might have as a result of the accident.  HARVEY agreed to compensate GERAGHTY and LAW FIRM for their services and ultimately paid GERAGHTY and LAW FIRM over $30,000.00 for their services.

12.    GEICO assigned adjuster Fran Korkus to handle the claim against HARVEY.

13.    The Potts family retained the law firm of Searcy Denney Scarola Barnhart & Shipley to represent its interests.  The case was assigned to Sean Domnick, Esquire.

14.    On August 17, 2006, GEICO delivered to Mr. Domnick a settlement check for $100,000.00, which represented HARVEY's policy limits with GEICO; a Release of all Claims, and an affidavit of coverage.

3

15.    Because it was clear to Mr. Domnick from the outset that the value of the claim of the Potts family exceeded HARVEY's $100,000.00 policy limits, Mr. Domnick believed his fiduciary duty to his client required him to determine whether HARVEY was in the course and scope of any employment at the time of the crash and to determine whether HARVEY had any collectible assets in addition to his $100,000.00 policy limits.

16.    Mr. Domnick instructed his paralegal, Vivian Ayan-Tejeda, to contact Ms. Korkus to determine whether HARVEY was in the course and scope of any employment at the time of the crash and to determine whether GEICO would make HARVEY available for a statement.

17.    Thereafter, Ms. Ayan-Tejeda called Ms. Korkus. Ms. Ayan-Tejeda asked Ms. Korkus whether or not HARVEY was in the course and scope of any employment at the time of the crash. Ms. Korkus indicated that she was uncertain. In response, Ms. Ayan-Tejeda asked for GEICO to make HARVEY available for a statement. Ms. Korkus, without consulting with HARVEY, declined to make HARVEY available for a statement. The conversation is memorialized in Mr. Domnick's August 24, 2006 letter to Ms. Korkus. A copy of the letter, which was sent via certified mail, is attached hereto as Exhibit "A".

18.    Upon receipt of Mr. Domnick's August 24, 2006 letter, Ms. Korkus called Mr. Domnick. Ms. Korkus asked Mr. Domnick why he wanted a statement from HARVEY. Mr. Domnick said that the reason was the same reason expressed in Ms. Ayan-Tejeda's prior conversation with Ms. Korkus, and in Mr. Domnick's August 24, 2006 letter, i.e.: "We want

4

to determine what other coverage or assets may be available to cover this incident." In the conversation, Ms. Korkus was unable to confirm that HARVEY would be available for a statement. The conversation is memorialized in a second letter from Mr. Domnick, which is dated August 24, 2006, but which obviously was misdated. A copy of the letter, which was sent to Ms. Korkus via fax, is attached hereto as Exhibit "B".

19.     On the morning of August 30, 2006, Ms. Korkus faxed to HARVEY a copy of the August 24, 2006 letter that Mr. Domnick had sent to Ms. Korkus via certified mail. On the Post-it Fax Note which was attached to the letter, Ms. Korkus told HARVEY that "I will keep you advised."

20.     Later that day, HARVEY and Ms. Korkus spoke by telephone. HARVEY told Ms. Korkus that he had not been in the course and scope of any employment at the time of the crash. He also advised Ms. Korkus that he owned his home jointly with his wife; that he owned a vacation home in Canada jointly with his wife; and that he had no collectible assets. Thereafter, Ms. Korkus and HARVEY discussed whether or not he should give a statement to Mr. Domnick. HARVEY was upset that Ms. Korkus had already declined to provide a statement without even consulting with HARVEY. Ms. Korkus told HARVEY that he should not give a statement to Mr. Domnick.

21.     If   HARVEY had been properly advised by either Ms. Korkus or GERAGHTY, he would have given the statement. He was not in the course and scope of his employment and had no collectible assets. There was no reason not to give the statement,

5

and doing so would have resulted in Potts executing a release of HARVEY for the $100,000.00 policy limits.

22.    On August 31, 2006, a copy of the August 24, 2006 letter that Mr. Domnick had sent to Ms. Korkus via certified mail was faxed to GERAGHTY by Ms. Korkus.

23.    On or around August 31, 2006, HARVEY and GERAGHTY spoke about the course and scope of employment and asset issues.  HARVEY told GERAGHTY that he had not been in the course and scope of any employment at the time of the crash.  He also advised GERAGHTY that he owned his home jointly with his wife; that he owned a vacation home in Canada jointly with his wife; and that he had no collectible assets.

24.    On September 1, 2006, Ms. Korkus faxed to HARVEY a sample financial affidavit.  At the top of the affidavit, Ms. Korkus wrote: "Mr. Harvey–This is a sample affidavit we use if the attorney does not provide his/her own and they approve this." A copy of the affidavit is attached hereto as Exhibit "C".

25.    Between August 31 and September 13, 2006, neither Ms. Korkus nor GERAGHTY communicated in any fashion with Mr. Domnick as to the status of his request for a statement. Accordingly, Mr. Domnick was left completely in the dark as to his request.

26.    Having heard nothing from Ms. Korkus or GERAGHTY as to his request for a statement of HARVEY, on September 14, 2006, Mr. Domnick sent a letter via certified mail to Ms. Korkus, advising that he had filed suit and enclosing a copy of the suit and initial discovery.  He also returned the settlement check that had been previously delivered to his office.  A copy of the letter is attached hereto as Exhibit "D".

6

27.     Before September 14, 2006, neither GEICO nor GERAGHTY recommended to HARVEY that he should provide a statement to Mr. Domnick. If either GEICO or GERAGHTY had recommended same, HARVEY woulde have done so, as he was not in the course and scope of any employment at the time of the accident, had no collectible assets, and would have been released by Potts from any liability if he had provided the statement.

28.     The case proceeded to trial. On June 2, 2008, the court entered Final Judgment against HARVEY and US MULTICO CO., INC. (The company owned by HARVEY) in the amount of $745,000.00, and against THE SIGNAL GROUP, INC. in the amount of $1,490,000.00. THE SIGNAL GROUP, INC. was responsible for maintaining the traffic signal at the intersection where the accident occurred.

29.     After Final Judgment had been entered, Potts settled with The Signal Group, Inc., which left HARVEY and his company as the only remaining Defendants.

30.     Thereafter, the trial court granted Plaintiff's Motion for New Trial based on juror misconduct.

31.     The case proceeded to a second trial. On May 24, 2011, Final Judgment was entered against HARVEY and US MULTICO CO., INC. In the amount of $8,470,000.00. The Final Judgment has been accruing interest at the rate of 6%.

32.     At all material times, HARVEY cooperated with GEICO as required under his policy.

7

## COUNT I
## BAD FAITH OF DEFENDANT GEICO

33.     Plaintiff, HARVEY, hereby adopts and re-alleges paragraphs 1 through 32 as

if fully set forth herein.

34.     Pursuant to the subject insurance contract and Florida law, GEICO owed good-

faith duties to HARVEY, including but not limited to:

a.      to use toward HARVEY the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business;

b.      to exercise such control in handling the claim against HARVEY and in making decisions with regard to both settlement and litigation in good faith and with due regard for the interests of HARVEY;

c.      to timely investigate the claim;

d.      to timely and properly evaluate the claim against HARVEY and the risk to HARVEY;

e.      to timely initiate settlement negotiations with the Potts Estate, as liability against HARVEY was clear, and the damages suffered by the Estate were so serious that a judgment in excess of HARVEY's policy limits was likely;

f.      to timely and properly advise HARVEY of settlement opportunities, including the request that HARVEY give a statement;

g.      to timely and properly determine from HARVEY whether he was in the course and scope of any employment at the time of the accident;

h.      to timely and properly determine from HARVEY whether he had collectible assets;

8

i.    to timely advise HARVEY that he should agree to giving the statement requested, since he was not in the course and scope of any employment at the time of the accident, did not have collectible assets, and would have been released from liability by Potts if he had given the statement;

j.    to timely and properly advise Mr. Domnick as to the status of his request for a statement;

k.    to advise HARVEY as to the probable outcome of litigation;

l.    to warn HARVEY of the possibility of an excess judgment and to advise HARVEY of any steps which he might take to avoid same;

m.    to timely and properly evaluate the exposure presented by the wrongful death claim;

n.    to settle if at all possible, where a reasonable, prudent person, faced with the prospect of paying the total recovery, would do so;

o.    to settle Potts' wrongful death claim against HARVEY within his policy limits when, under all of the circumstances, it could and should have done so, had it acted fairly and honestly toward HARVEY and with due regard for his interests; and

p.    to keep HARVEY informed of the claim resolution process and his exposure.

35.    The foregoing duties are fiduciary in nature and nondelegable.

36.    GEICO is liable for the acts and omissions of its agents, employees and/or representatives in the handling of the claims against HARVEY, including but not limited to Ms. Korkus..

37.    GEICO, through its agents, employees and/or representatives breached its duties of good faith owed to HARVEY, by, including but not limited to:

9

a.   failing to use toward HARVEY the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business;

b.   failing to exercise such control in handling the claim against HARVEY and in making decisions with regard to both settlement and litigation in good faith and with due regard for the interests of HARVEY;

c.   failing to timely investigate the claim;

d.   failing to timely and properly evaluate the claim against HARVEY and the risk to HARVEY;

e.   failing to timely initiate settlement negotiations with the Potts Estate, as liability against HARVEY was clear, and the damages suffered by the Estate were so serious that a judgment in excess of HARVEY's policy limits was likely;

f.   failing to timely and properly advise HARVEY of settlement opportunities, including the request that HARVEY give a statement;

g.   failing to timely and properly determine from HARVEY whether he was in the course and scope of any employment at the time of the accident;

h.   failing to timely and properly determine from HARVEY whether he had collectible assets;

i.   failing to timely advise HARVEY that he should agree to giving the statement requested, since he was not in the course and scope of any employment at the time of the accident, did not have collectible assets, and would have been released from liability by Potts if he had given the statement;

j.   failing to timely and properly advise Mr. Domnick as to the status of his request for a statement;

10

k.     failing to advise HARVEY as to the probable outcome of litigation;

l.     failing to warn HARVEY of the possibility of an excess judgment and to advise HARVEY of any steps which he might take to avoid same;

m.    failing to timely and properly evaluate the exposure presented by the wrongful death claim;

n.     failing to settle if at all possible, where a reasonable, prudent person, faced with the prospect of paying the total recovery, would do so;

o.     failing to settle Potts' wrongful death claim against HARVEY within his policy limits when, under all of the circumstances, it could and should have done so, had it acted fairly and honestly toward HARVEY and with due regard for his interests; and

p.     failing to keep HARVEY informed of the claim resolution process and his exposure.

38.    GEICO knew or should have known that the claimant would not be willing or able to settle the Potts' wrongful death claim without the requested information.

39.    As a result of GEICO's breaches of its duties of good faith and its failure to settle the Potts' wrongful death claim against HARVEY, when it could and should have done so, HARVEY now has a final judgment entered against him in the amount of $8,470,000.00, plus legal interest, as well as a cost judgment entered against him; the judgments constitute liens against his property; and he has sustained other financial damages and losses.

40.    As a direct and proximate result of the above breaches of good faith by GEICO, HARVEY has employed the undersigned law firm and has agreed to pay them reasonable attorneys' fees for their services.

41.    HARVEY is entitled to recover reasonable attorneys' fees and costs for this action pursuant to Section 627.428, Florida Statutes, and other applicable law.

WHEREFORE, the Plaintiff, HARVEY, demands judgment against the Defendant, GEICO, for damages including, but not limited to, the amount of the underlying final judgments, plus interest, attorneys' fees, and costs for this action, and further demands trial by jury.

## COUNT II
## LEGAL MALPRACTICE AGAINST DEFENDANTS, GERAGHTY, DOUGHERTY & EDWARDS, P.A., AND PATRICK GERAGHTY

42.    Plaintiff, HARVEY, adopts the allegations contained in Paragraphs 1 through 32 above as if fully set forth herein.

43.    GERAGHTY, a shareholder and employee of LAW FIRM, represented HARVEY on behalf of LAW FIRM.

44.    LAW FIRM and GERAGHTY had, at all times material hereto, a legal and ethical duty to provide legal services to HARVEY, and owed HARVEY a duty of reasonable care in said representation and a duty to exercise that level of care and skill which is required to be possessed and exercised by attorneys in Florida.

45.    LAW FIRM is liable for the actions or omissions of its agents and employees, including, but not limited to GERAGHTY.

46.    The duty of reasonable care owed by LAW FIRM and GERAGHTY to HARVEY required LAW FIRM AND GERAGHTY to act in such a manner so as to prevent

12

or minimize the risk of personal exposure to HARVEY, which risk was or should have been known by LAW FIRM and GERAGHTY from the beginning of their representation of HARVEY.

47.    LAW FIRM and GERAGHTY owed the following duties to HARVEY:

a.    to timely and properly evaluate the claim against HARVEY and the risk to HARVEY;

b.    to timely and properly advise HARVEY of settlement opportunities, including the request that HARVEY give a statement;

c.    to timely and properly determine from HARVEY whether he was in the course and scope of any employment at the time of the accident;

d.    to timely and properly determine from HARVEY whether he had collectible assets;

e.    to timely advise HARVEY that he should agree to giving the statement requested, since he was not in the course and scope of any employment at the time of the accident, did not have collectible assets, and would have been released from liability by Potts if he had given the statement; and

f.    to timely and properly advise Mr. Domnick as to the status of his request for a statement.

48.    LAW FIRM and GERAGHTY breached their duties to HARVEY and were negligent in dispensing of legal advice and providing representation to HARVEY and failed to uphold the degree of care which a reasonably careful lawyer would use under like circumstances, both as to doing things that a reasonably careful lawyer would not do under like circumstances and in failing to do things which a reasonably careful lawyer would do

13

under like circumstances.  Specifically, LAW FIRM and GERAGHTY breached the duties

owed to HARVEY, by, including but not limited to the following:

   a.   failing to timely and properly evaluate the claim against HARVEY and the risk to HARVEY;

   b.   failing to timely and properly advise HARVEY of settlement opportunities, including the request that HARVEY give a statement;

   c.   failing to timely and properly determine from HARVEY whether he was in the course and scope of any employment at the time of the accident;

   d.   failing to timely and properly determine from HARVEY whether he had collectible assets;

   e.   failing to timely advise HARVEY that he should agree to giving the statement requested, since he was not in the course and scope of any employment at the time of the accident, did not have collectible assets, and would have been released from liability by Potts if he had given the statement; and

   f.   failing to timely and properly advise Mr. Domnick as to the status of his request for a statement.

49.   GERAGHTY and LAW FIRM knew or should have known that the claimant

would not be willing or able to settle the Potts' wrongful death claim without the requested

information

50.   If GERAGHTY and LAW FIRM had advised HARVEY to provide this

information, HARVEY would have done so, and the policy limits of $100,000 would have

been accepted by the Estate of John Potts in exchange for a release of HARVEY.

14

51.     As a direct and proximate result of the above-described breaches of duty by GERAGHTY and LAW FIRM, HARVEY has a final judgment entered against him in the amount of $8,470,000.00, plus legal interest, as well as a cost judgment entered against him; the judgments constitute liens against his property; and he has sustained other financial damages and losses.

WHEREFORE, the Plaintiff, HARVEY, demands judgment against the Defendants, LAW FIRM and GERAGHTY, for damages including, but not limited to, the amount of the underlying final judgments, plus interest;  costs for this action, and further demands trial by jury.

DATED this 20th  day of November, 2013.

> Slawson Cunningham Whalen  & Gaspari
> 2401 PGA Boulevard, Suite 140
> Palm Beach Gardens, FL 33410
> (561) 625-6260 Telephone
> (561) 625-6269 Facsimile
> Attorneys for Plaintiff
>
> _s/ Fred A. Cunningham_
> FRED A. CUNNINGHAM
> Florida Bar # 775487
> Email: fac@slawsonlaw.com
> Email: adefau@slawsonlaw.com
> GREGORY M. YAFFA
> Florida Bar # 586412
> Email: gyaffa@slawsonlaw.com



# SEARCY DENNEY SCAROLA BARNHART & SHIPLEY, P.A.
*Attorneys at Law*

WEST PALM BEACH OFFICE
2139 PALM BEACH LAKES BLVD.
WEST PALM BEACH, FLORIDA 33409

P.O. DRAWER 3626
WEST PALM BEACH, FLORIDA 33402

(561) 686-6300
1-800-780-8607
FAX: (561) 478-0754.

TALLAHASSEE OFFICE
THE TOWLE HOUSE
517 NORTH CALHOUN STREET
TALLAHASSEE, FL 32301-1231

P.O. DRAWER 1230
TALLAHASSEE, FLORIDA 32302

(850) 224-7600
1-888-549-7011
FAX: (850) 224-7602

August 24 2006

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7005-0390-0005-8584-1788

ATTORNEYS AT LAW:
ROSALYN SIA BAKER-BARNES
F. GREGORY BARNHART*
LANCE BLOCK*
EARL L. DENNEY, JR.*
SEAN C. DOMNICK*
TODD R. FALZONE*
JAMES W. GUSTAFSON, JR.
JACK P. HILL
DAVID K. KELLEY, JR.*
WILLIAM B. KING
DARRYL L. LEWIS*
WILLIAM A. NORTON*
PATRICK E. QUINLAN
DAVID J. SALES*
JOHN SCAROLA*
CHRISTIAN D. SEARCY*
HARRY A. SHEVIN
JOHN A. SHIPLEY III*
CHRISTOPHER K. SPEED*
KAREN E. TERRY*
C. CALVIN WARRINER III*
DAVID J. WHITE*

*SHAREHOLDERS

PARALEGALS:
VIVIAN AYAN-TEJEDA
LAURIE J. BRIGGS
DIANE L. GADY
DANIEL J. GALLOWAY
EMILIO CHAUANTIS
ALYSSA A. DIEDMARDO
RANDY M. DUFRESNE
DAVID W. GILMORE
TED E. KULEBA
VINCENT L. LEONARD, JR.
JAMES PETER LOWE
CHRISTOPHER J. PILATO
ROBERT W. PITCHER
KATHLEEN SIMON
STEVE M. SMITH
BONNIE S. STARK
WALTER A. STERN
BRIAN P. SULLIVAN
KEVIN J. WALSH
MELANIE M. WEISSE

Mrs. Fran Korkus
GEICO General Insurance Company
3535 W. Pipkin Road
Lakeland, FL 33811

RE: E/O Potts v Harvey

Dear Mrs. Korkus:

We are in receipt of the check and release you had dropped off at my office last week. I saw the affidavit of coverage for GEICO as well. When you and Vivian Ayan-Tejeda, my paralegal, spoke, there was discussion about whether Mr. Harvey was in the course and scope of his employment. You, as I understand it, indicated you were uncertain. Ms. Tejeda asked for Mr. Harvey to be made available for a statement. You declined her offer.

Again, we have what I understand is GEICO's final monetary offer. I will discuss this with my client.

Should you have any questions or comments, please do not hesitate to contact me.

Very truly yours,

SEAN C. DOMNICK
SCD/agl

cc: Vivian Ayan-Tejeda, Paralegal/Investigator




PLAINTIFF'S EXHIBIT "A"



# SEARCY DENNEY SCAROLA BARNHART & SHIPLEY, P.A.
*Attorneys at Law*

WEST PALM BEACH OFFICE:

2139 PALM BEACH LAKES BLVD.
WEST PALM BEACH, FLORIDA 33409

P.O. DRAWER 3626
WEST PALM BEACH, FLORIDA 33402

(561) 686-6300
1-800-780-8607
FAX: (561) 478-0754

TALLAHASSEE OFFICE:

THE TOWLE HOUSE
517 NORTH CALHOUN STREET
TALLAHASSEE, FL 32301-1231

P.O. DRAWER 1230
TALLAHASSEE, FLORIDA 32302

(850) 224-7600
1-888-549-7011
FAX: (850) 224-7598

August 24 2006

<u>VIA FACSIMILE</u>
863-646-9727

ATTORNEYS AT LAW:

ROSALYN SIA BAKER-BARNER
F GREGORY BARNHART
LANESE BLOCK*
EARL L. DENNEY, JR.*
SEAN C. DOMNICK*
TODD R FALZONE
JAMES W. GUSTAFSON, JR.
JACK P. HILL
DAVID K. KELLEY, JR.*
WILLIAM E. KING
DARRYL L. LEWIS*
WILLIAM A. NORTON*
PATRICK E. QUINLAN
DAVID J. SALES*
JOHN SCAROLA*
CHRISTIAN D. SEARCY*
HARRY A. SHEVIN
JOHN A. SHIPLEY W*
CHRISTOPHER K. SPEED*
KAREN E. TERRY*
C. CALVIN WARRINER III*
DAVID J WHITE*

*SHAREHOLDERS

PARALEGALS:

VIVIAN AYAN-TEJEDA
LAURIE J. BRIGGS
DEANIE L. CAIN
DANIEL J. CALLOWAY
EMILIO DIAMANTIS
ALYSSA A. GIEDWARDO
RANDY M. DUPRESNE
DAVID W. GILMORE
TED K. KULESA
VINCENT L. LEONARD, JR.
JAMES PETER LOVE
CHRISTOPHER J. PLATO
ROBERT W PITCHER
KATHLEEN SIMON
STEVE M. SMITH
RONNIE S. STARK
WALTER A. STEIN
BRIAN R SULLIVAN
KEVIN J. WALSH
MELANIE M. WEESE

Mrs. Fran Korkus
GEICO General Insurance Company
3535 W. Pipkin Road
Lakeland, FL 33811

RE: E/O Potts v Harvey

Dear Mrs. Korkus:

This confirms our conversation in which you told me that you had received our recent letter regarding this matter. You asked me why we wanted a statement from Mr. Harvey. I told you that it was the same reason that Ms. Tejeda had outlined previously as well as that referenced in my recent letter. We want to determine what other coverage or assets may be available to cover this incident. You were unable to confirm that he would be available for a statement.

Very truly yours,

SEAN C. DOMNICK
SCD/agl

cc: Vivian Ayan-Tejeda, Paralegal/Investigator



WWW.SEARCYLAW.COM



PLAINTIFF'S
EXHIBIT
"B"

09-01-2006 12:07    PAUL OHSIEK (863)646-9727                                    PAGE2

*Mr. Harvey - This is A sample affidavit WE USE if the attorney does not provide his/her own and they approve this.*

## AFFIDAVIT

I, _____ do confirm at the time of the   / /06 motor vehicle accident, in which _____ was injured, the only insurance available at the time was issued by GEICO under policy number _____, claim number _____ which provided coverage in the amount of $_____ per person and $_____ per accident.

I, _____ do affirm that at the time of the aforesaid accident that the _____, VIN# _____ was not being used for business purposes and I was not in the course and scope of my employment or agency at the time of this accident.

I, _____, do affirm that at the time of the aforesaid accident that I had no other general liability/umbrella insurance.

I, _____, do affirm that I do not have any assets that would satisfy a judgment in excess of the policy available at the time of loss.

I, _____, do affirm that I ____do ____do not own any assets or real property within or outside the State of Florida.
Property address: _____

_____

STATE OF FLORIDA
COUNTY OF _____

        Sworn and subscribed before me this _____ day of _____,
2006, by _____, who is/are personally known to me or who have
produced _____ as identification, and who did take an oath.

_____
NOTARY PUBLIC, STATE OF FLORIDA

My commission expires: _____



# SEARCY DENNEY SCAROLA BARNHART & SHIPLEY, P.A.
*Attorneys at Law*

**WEST PALM BEACH OFFICE:**

2139 PALM BEACH LAKES BLVD.
WEST PALM BEACH, FLORIDA 33409

P.O. DRAWER 3626
WEST PALM BEACH, FLORIDA 33402

(561) 686-6300
1-800-780-8607
FAX: (561) 478-0754

**TALLAHASSEE OFFICE:**

THE TOWLE HOUSE
517 NORTH CALHOUN STREET
TALLAHASSEE, FL 32301-1231

P.O. DRAWER 1230
TALLAHASSEE, FLORIDA 32302

(850) 224-7600
1-888-549-7011
FAX: (850) 224-7602

September 14, 2006

**CERTIFIED MAIL/
RETURN RECEIPT REQUESTED**
7005 0390 0005 8584 1801

**ATTORNEYS AT LAW:**

ROSALYN SIA BAKER-BARNES
F. GREGORY BARNHART*
LANCE BLOCK*
EARL L. DENNEY, JR.*
SEAN C. DOMNICK*
TODD R. FALZONE
JAMES W. GUSTAFSON, JR.
JACK P. HILL
DAVID K. KELLEY, JR.*
WILLIAM B. KING
DARRYL L. LEWIS*
WILLIAM A. NORTON*
PATRICK E. QUINLAN
DAVID J. SALES*
JOHN SCAROLA*
CHRISTIAN D. SEARCY*
HARRY A. SHEVIN
JOHN A. SHIPLEY III*
CHRISTOPHER K. SPEED*
KAREN E. TERRY*
C. CALVIN WARRINER III*
DAVID J. WHITE*

*SHAREHOLDERS

**PARALEGALS:**

VIVIAN AYAN-TEJEDA
LAURIE J. BRIGGS
DEANE L. CADY
DANIEL J. GALLOWAY
EMILIO DIAMANTIS
ALYSSA A. DIEDWARDO
RANDY M. DUFRESNE
DAVID W. GILMORE
TED E. KULESA
VINCENT L. LEONARD, JR.
JAMES PETER LOVE
CHRISTOPHER J. PILATO
ROBERT W. PITCHER
KATHLEEN SIMON
STEVE M. SMITH
BONNIE S. STARK
WALTER A. STEIN
BRIAN P. SULLIVAN
KEVIN J. WALSH

Ms. Fran Korkus
GEICO Direct
3535 W. Pipkin Road
Post Office Box 33040
Lakeland, FL  33807

RE:   Potts, E/O vs Harvey
      Our File No.:        034873-260456

Dear Ms. Korkus:

We have filed suit on the above captioned matter and are enclosing a courtesy copy of that suit along with discovery for your files. We are returning the check you delivered to our office.

Very truly yours,

SEAN C. DOMNICK
SCD/agl

Enclosures

cc:   Vivian Ayan-Tejeda, Paralegal/Investigator




WWW.SEARCYLAW.COM

