UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80078-CIV-MARRA/MATTHEWMAN

JAMES M. HARVEY,

      Plaintiff,

vs.

GEICO GENERAL INSURANCE COMPANY,
a corporation, GERAHTY, DOUGHERTY &
EDWARDS, P.A., and PATRICK GERAHTY,

      Defendants.

_____/


**OPINION AND ORDER**

      This cause is before the Court upon Defendant's Motion to Sever the Claims (DE 10) and Plaintiff's Motion for Remand (DE 20). The Motions are fully briefed and ripe for review. The Court has carefully considered the briefing and is otherwise fully advised in the premises.

**I. Background**

      On August 8, 2006, Plaintiff James M. Harvey ("Plaintiff" or "Harvey") was involved in a car accident resulted in the death of John Potts. Compl., ¶ 7 (DE 1-2). At the time, Harvey had an active automobile liability insurance policy with Defendant GEICO General Insurance Company ("GEICO"). *Id.*, ¶ 6. The policy limits were $100,000 per person and $300,000 per occurrence. *Id.* Within a few days of the accident, Harvey retained Defendants Patrick Geraghty and Geraghty, Dougherty & Edwards, P.A. (collectively "Geraghty Defendants") to represent Harvey and to protect him from personal exposure above the policy limits. *Id.*, ¶ 11. John Potts' family likewise retained

an attorney, Sean Domnick to pursue a claim against Harvey. *Id.*, ¶ 12. Communications took place between GEICO's adjuster assigned to the case and Mr. Domnick. *Id.*, ¶ 15-27. Mr. Domnick wanted to take Harvey's statement to determine whether Harvey was in the course and scope of any employment at the time of the crash, and to determine whether Harvey had any collectible assets. *Id.* GEICO's adjuster declined to make Harvey available for the statement without consulting him. *Id.* Harvey contends that there was no reason to decline to give the statement because he was not acting in the course of any employment at the time of the accident and he had no collectible assets. *Id.* Eventually, Mr. Domnick filed suit, and a judgment in the amount of $8,470,000.00 was entered against Harvey and a company he owned. *Id.*, ¶¶ 27-31.

On November 20, 2013, Harvey filed a two-count Complaint alleging bad faith against Defendant GEICO (Count I) and legal malpractice against the Geraghty Defendants (Count II). Harvey contends that both GEICO and the Geraghty Defendants failed to timely and properly evaluate the claims; advise Harvey of settlement opportunities; determine whether Harvey was in the course of any employment at the time of the accident and whether he had collectible assets; advise Harvey regarding giving the statement to Mr. Domnick; and to timely advise Mr. Domnick of the status of his request for a statement. *Id.*, ¶¶ 33 - 51. With respect to GEICO, Harvey additionally asserts that GEICO failed to use an adequate degree of care, diligence, and control in handling the claim; failed to timely investigate the claim and initiate settlement negotiations; and failed to warn Harvey of the possibility of an excess judgment. *Id.*

On January 20, 2014, GEICO removed the case to this Court on the basis of diversity of citizenship jurisdiction, 28 U.S.C. § 1332. (DE 1). GEICO is a citizen of Maryland. However, Plaintiff and the Geraghty Defendants are citizens of Florida.

GEICO moved to sever Plaintiff's claims against it from Plaintiff's claims against the Geraghty Defendants arguing that the claims were fraudulently joined. Plaintiff opposes the severance, and has moved to remand the case. Plaintiff also seeks an award of attorney's fees for improper removal. Plaintiff asserts that this Court lacks jurisdiction because the parties are not completely diverse. The jurisdictional question must be considered before the Motion to Sever may be addressed.

## II. Discussion

A civil action  filed in state court may be removed if initially it could have been brought in federal court. 28 U.S.C.A. § 1441 (West). However,"[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447 (West). "The rule of construing removal statutes strictly and resolving doubts in favor of remand, . . . , is well-established." *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–29 (11th Cir.2006). "A removing defendant," in this case GEICO, "bears the burden of proving proper federal jurisdiction" by a preponderance of the evidence. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

A district court has jurisdiction over civil cases between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C.A. § 1332(a)(1) (West). There is no dispute that the amount in controversy is satisfied in this case. However, the parties are not completely diverse. GEICO argues that the Court should find that Plaintiff fraudulently joined Defendants to destroy federal jurisdiction. The Court disagrees.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th

3

Cir. 1998).   Under this doctrine, if a non-diverse defendant is joined for the sole purpose of destroying federal jurisdiction, the court should ignore the presence of the non-diverse defendant. *See Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996) *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).   "In addressing the issue of fraudulent joinder, the district court should resolve all questions of fact and controlling law in favor of the plaintiff and can consider any submitted affidavits and/or deposition transcripts." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).   "Fraudulent joinder is found in three situations: (1) when there is no possibility that plaintiff can prove the claims against the non-diverse defendant; (2) when there is outright fraud in the pleading of jurisdictional facts; and (3) 'when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.'" *In re Trasylol Products Liab. Litig.*, 754 F. Supp. 2d 1331, 1335 (S.D. Fla. 2010) (quoting *Triggs*, 154 F.3d at 1287).   Here, GEICO relies on the third type of fraudulent joinder.

When determining whether a defendant was fraudulently joined, the courts first examine whether defendants were permissibly joined under the Federal Rule of Civil Procedure 20.  *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1288 (11th Cir. 1998).  Rule 20(a) states in pertinent part:

> Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

4

Fed. R. Civ. P. 20(a)(2).

Thus, joinder of defendants is proper under Rule 20 if: "(1) a claim for relief asserting joint, several, or alternative liability and arising from the same transaction, occurrence, or series of transactions or occurrences, and (2) a common question of law or fact." *Tapscott*, 77 F.3d at 1360. However, not every misjoinder rises to the level of fraudulent joinder. *Id.* Only egregious cases call for a court to disregard citizenship of a non-diverse defendant. *Id.*

Here, Plaintiff asserts that both GEICO and the Geraghty Defendants failed to advise him regarding settlement opportunities and regarding giving a statement to Mr. Domnick. Accordingly, both claims arose from the same accident and settlement negotiations, and common questions of fact will arise. However, GEICO did not retain the Geraghty Defendants to represent Plaintiff. Thus, GEICO argues that there can be no joint, several, or alternative liability in this case.

The Eleventh Circuit has said that defendants are fraudulently joined when "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability *and* where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis added). Even assuming, without deciding, that there can be no joint, several or alternative liability for GEICO and the Geraghty Defendants, there is a connection between the claims that precludes a finding of fraudulent joinder. The facts of this case are dissimilar to the facts in *Tapscott*, the leading case on this issue, and this action is not an example of egregious joinder. *See* 77 F.3d at 1355.

In *Tapscott*, a putative class representative initially alleged state statute violations arising from sales of automotive service contracts. *Id.* The putative class representative and one of the

5

defendants were Alabama citizens. *Id.* A subsequent amended complaint added several new plaintiffs who asserted violations of the same statutes against new defendants and arising from sales of service contracts on retail products. *Id.* New plaintiffs were completely diverse from the new defendants. *Id.* Therefore, the only connection between the parties and the claims was that both sets of plaintiffs alleged violations of the same statutes. *Id.* In *Tapscott*, in essence, there were two separate cases between unrelated sets of plaintiffs and defendants based on unrelated facts. *See id.* Therefore, the Eleventh Circuit found that misjoinder rose to the level of fraudulent joinder. *Id.*

In contrast here, the claims have arisen from the same accident and settlement negotiations, and there are common questions of fact. Accordingly, this case does not rise to the level of fraudulent joinder.

Lastly, Plaintiff asks to award him fees for improper removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c) (West). The statute does not create a bias either for or against awarding fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138-39 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.

Here, there were reasonable arguments on both sides. Thus, GEICO did not lack an objectively reasonable basis for removing this case, and Plaintiff is not entitled to fees incurred as a result of removal.

**III. Conclusion**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand and Attorneys' Fees (DE 20) is **GRANTED IN PART and DENIED IN PART**. This matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. The Court makes no riling on any other pending motions.   The Clerk shall close this case and terminate all pending motions.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of August, 2014.

_____

KENNETH A. MARRA
United States District Judge